FOURTH JUDICIAL DISTRICT COURT
COUNTY OF SAN MIGUEL
STATE OF NEW MEXICO

ENDORSED
Fourth Judicial District Court
San Miguel Mora & Guadalupe
COPY

FEB 25 2011

Fred A. Sena
BAS
Deputy Clerk

**CELESTINO TRUJILLO**, in his capacity as
Wrongful Death Personal Representative of
**THE ESTATE OF FABIAN A. TRUJILLO**, Deceased,
and **EDITH TRUJILLO** as Next Friend for and on behalf of
**CELESTE TRUJILLO**, a Minor, and **RAYNEE GERHART** as
Next Friend for and on behalf of **LOGAN TRUJILLO**, a Minor,

          Plaintiffs,

Vs.

Cause No. D-412-CV-2011-98

**CHARLES CAMPBELL,
BOOTH BROTHERS LAND AND LIVESTOCK,
GARY BOOTH, OREN MATTHEWS**, and
**NEW MEXICO DEPARTMENT OF TRANSPORTATION**,

          Defendants.

## COMPLAINT FOR WRONGFUL DEATH, PERSONAL INJURY, LOSS OF CONSORTIUM AND OTHER DAMAGES UNDER THE NEW MEXICO WRONGFUL DEATH ACT, NEW MEXICO TORT CLAIMS ACT, AND NEW MEXICO STATUTORY AND COMMON LAW

COME NOW the Plaintiffs Celestino Trujillo, as Wrongful Death Personal Representative of the Estate of Fabian Trujillo, Deceased, Edith Trujillo as Next Friend for and on behalf of Celeste Trujillo, a minor, and Raynee Gerhart as Next Friend for and on behalf of Logan Trujillo, a minor, and do hereby bring the following causes of action against Defendants pursuant to the New Mexico Wrongful Death Act, NMSA 1978 §§ 41-2-1, *et seq.*, New Mexico Tort Claims Act, NMSA 1978 §§ 41-4-1, *et seq.*, and New Mexico statutory and common law:

Received Time Mar. 1. 3:51PM

EXHIBIT A

## GENERAL ALLEGATIONS

1. At the time of his fatal injuries on February 8, 2011, Fabian Trujillo (hereinafter "Fabian" or "Decedent") age 50, resided in San Miguel County, New Mexico. Fabian fathered four lovely daughters that survive him, namely Celeste Trujillo, age 14, Logan Trujillo, age 7, Valerie Trujillo, age 21, and Kathleen Trujillo, age 18, and he was duly employed with the Las Vegas City Schools as a full-time elementary teacher, physical education instructor and cross-country coach.

2. Plaintiff Celestino Trujillo is a resident of San Miguel County, New Mexico, and is Decedent's biological brother. Celestino was duly appointed as the Wrongful Death Personal Representative of Fabian's Estate; said Estate having been filed in San Miguel County, New Mexico.

3. Plaintiff Edith Trujillo is a resident of San Miguel County, New Mexico, and is the biological mother and next friend of Celeste Trujillo, a minor. Edith is a full-time literacy consultant with Northeast Regional Education Cooperative.

4. Plaintiff Celeste Trujillo is a resident of San Miguel County, New Mexico, and is Decedent's surviving minor daughter. Decedent provided companionship, society, guidance, counseling and personal and financial care for Celeste which was wrongfully taken from her as a result of her father's tragic death. Celeste also suffered severe injuries and damages in the February 8, 2011 collision.

5. Plaintiff Raynee Gerhart is a resident of San Miguel County, New Mexico, and is the biological mother and next friend of Logan Trujillo, a minor. Raynee is a full-time educator with the Las Vegas Public Schools.

6. Plaintiff Logan Trujillo is a resident of San Miguel County, New Mexico, and is Decedent's surviving minor daughter. Decedent provided companionship, society, guidance, counseling and personal and financial care for Logan which was wrongfully taken from her as a result of her father's tragic death. Logan also suffered severe injuries and damages in the February 8, 2011 collision.

7. Defendant Charles Campbell is a commercial truck driver for Booth Brothers Land and Livestock, and upon information and belief is a resident of Johnstown, Colorado. At all material times hereto, Charles Campbell was an employee acting within the course and scope of his employment with Booth Brothers Land and Livestock.

8. Defendant Booth Brothers Land and Livestock is a for-profit Colorado limited liability company engaging in interstate commerce, including year-round cow-calf operations on substantial land holdings spanning the States of Colorado and Wyoming, and livestock, grain, feed and hay transport services throughout the United States, with its principal place(s) of business at 33071 Highway 85, Lucerne, Colorado, and 300 Hunt Road, Laramie, Wyoming.

9. Defendant Gary S. Booth, upon information and belief, is a resident of Eaton, Colorado, and is the owner, partner, principal and or registered agent of Defendant Booth Brothers Land and Livestock.

3

10. Defendant Oren Matthews, upon information and belief, is a resident of San Miguel County, New Mexico, and is an officer, owner, partner, principal and/or employee of Rocky Road Gravel.

11. Defendant State of New Mexico Department of Transportation is a division of the State of New Mexico and has the duty to maintain the stretch of highway and roadways near exit 345 on Interstate I-25 where the February 8, 2011 collision occurred. It is properly sued in San Miguel County pursuant to NMSA §§ 41-4-11 and 41-4-18.

12. This Court has jurisdiction to hear these claims and venue is properly in this Court.

13. On the afternoon of February 8, 2011 Defendant Charles Campbell was driving a commercial semi-tractor trailer belonging to Defendant Booth Brothers Land and Livestock at a high rate of speed in the southbound lanes of Interstate 25, in San Miguel County, New Mexico, and he drove into the rear of Fabian Trujillo's vehicle, causing severe damage to the vehicle, and causing Fabian to suffer severe injuries, including a broken neck, severed spine and massive brain damage. Celeste Trujillo and Logan Trujillo were passengers in the Trujillo vehicle and also suffered severe injuries in the collision.

14. Fabian lived for several days on life support followed by a tortured and lingering death. Unfortunately, the children were called upon by Fabian's medical providers for authorization to discontinue life support – a decision they nor anyone should ever have to make in regards to those they dearly love.

15. Within less than twenty four hours following the impact, the Defendants wrongfully arranged for Defendant Oren Matthews to remove the physical damage from the semi-tractor-trailer so the truck could be immediately removed from the jurisdiction.

## COUNT I
### NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT CHARLES CAMPBELL

16. Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs, as if fully restated herein, and further allege that:

17. Pursuant to New Mexico law, Defendant Charles Campbell owed the duty to exercise care for the safety of the person and the property of others.

18. Defendant Charles Campbell was a professional driver and had a duty to exercise care as such in the operation of the semi-tractor trailer.

19. Defendant Charles Campbell breached his duties of care on February 8, 2011 when he negligently drove the semi-tractor trailer into Decedent's vehicle, and by:

    a. failing to keep a proper lookout;

    b. failing to give his full time and entire attention to the operation of his vehicle;

    c. following too closely;

    d. driving too fast for conditions;

    e. failing to properly maintain his vehicle;

    f.    operating his vehicle in a careless, inattentive or imprudent manner;

    g.    failing to control his speed necessary to avoid colliding with persons and/or vehicles on the highway;

    h.    and by failing to render aid.

20. Defendant Charles Campbell's actions/inactions constitute negligence as a matter of law, in that there were statutes in force in New Mexico on February 8, 2011, including:

    20.1  the duty to give his full time and entire attention to the operation of the vehicle pursuant to NMSA § 66-8-114;

    20.2  the duty not to follow too closely pursuant to NMSA § 66-7-318;

    20.3  the duty to control a speed necessary to avoid colliding with persons and/or vehicles on the highway pursuant to NMSA § 66-7-301(B)(1);

    20.4  the duty not to drive carelessly and heedlessly in willful or wanton disregard of the rights or safety of others without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property of another pursuant to NMSA § 66-8-113;

    20.5  the duty to provide immediate notice of the accident pursuant to NMSA § 66-7-206; and

    20.6  the duty to render aid pursuant to NMSA § 66-7-203;

21. Defendant Charles Campbell breached the duties imposed upon him by:

    21.1  failing to render aid to Fabian Trujillo or his daughters on February 8, 2011;

21.2 failing to provide immediate notice of the accident;

21.3 failing to control a speed necessary to avoid colliding with persons and/or vehicles on the highway;

21.4 following too closely;

21.5 driving carelessly and heedlessly in willful or wanton disregard of the rights or safety of others without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property of another; and

21.6 by failing to give his full time and entire attention to the operation of the vehicle;

and some and/or all of these failure(s) caused and/or contributed to Plaintiffs' injuries and damages as set forth herein.

22. Defendant Charles Campbell's wrongful acts as set forth above, including the aggravating circumstances attending the wrongful acts, was a cause and/or contributing cause of Decedent's serious injuries and damages, including pain and suffering, mental anguish and distress, medical expenses, disfigurement and death, funeral and burial expenses, property damages, loss of earnings and earning capacity, loss of life and enjoyment of life, and loss of household services, for which Plaintiffs seek relief pursuant to the New Mexico Wrongful Death Act and other New Mexico law.

23. Defendant Charles Campbell's wrongful acts as set forth above, including the aggravating circumstances attending the wrongful acts, was a cause and/or contributing cause of Plaintiff Celeste Trujillo's serious injuries and

7

damages, including pain and suffering, mental anguish and distress, past and future medical expenses, disfigurement, and loss of enjoyment of life, for which she seeks relief pursuant to New Mexico law.

24. Defendant Charles Campbell's wrongful acts as set forth above, including the aggravating circumstances attending the wrongful acts, was a cause and/or contributing cause of Plaintiff Logan Trujillo's serious injuries and damages, including pain and suffering, mental anguish and distress, past and future medical expenses, and loss of enjoyment of life, for which she seeks relief pursuant to New Mexico law.

25. Defendant Charles Campbell's conduct showed an utter indifference to, or conscious disregard for, the safety of others, thereby justifying an award of punitive damages against this Defendant.

26. Defendant Booth Brothers Land and Livestock is vicariously liable for its employee-Defendant Charles Campbell's actions, and ratified his actions.

## COUNT II
## NEGLIGENCE OF DEFENDANT BOOTH BROTHERS LAND AND LIVESTOCK

27. Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs, as if fully restated herein, and further allege that:

28. Pursuant to New Mexico law, Defendant Booth Brothers Land Livestock, its employees and or agents owed the duty to exercise care for the safety of the person and the property of others.

29. That duty included the duty to those members of the public, including Decedent and Plaintiffs, whom they might reasonably anticipate would be

Received Time Mar.   3:51PM

placed in a position of risk of injury as a result of negligently hiring, training, supervising and/or retaining an unfit driver.

30. Defendant Booth Brothers Land and Livestock breached its duty of care in that at the time of Charles Campbell's hiring and/or during his employment with Defendant Booth Brothers Land and Livestock, Charles Campbell demonstrated the exercise of poor judgment while operating vehicles, which was or should have been known by Defendant Booth Brothers Land and Livestock.

31. Despite its knowledge or the readily available information about employee Charles Campbell, Defendant Booth Brothers Land and Livestock continued to employ Charles Campbell in a capacity that allowed him to exercise independent and poor judgment during his operation of large commercial vehicles on public roadways.

32. At all material times, Defendant Booth Brothers Land and Livestock failed to provide adequate training to and supervision over its employee Charles Campbell who was otherwise permitted to operate large commercial vehicles on public roadways.

33. When it became known to Defendant Booth Brothers Land and Livestock that its employee Charles Campbell operated vehicles in an unsafe manner, Defendant Booth Brothers Land and Livestock should have: 1) prohibited any further operation of its commercial vehicles by Defendant Charles Campbell; or 2) transferred him to another position within the company that did not allow

Received Time Mar.    3:51 PM

him to operate motorized vehicles, especially large and dangerous commercial vehicles on public roadways.

34. It should have been foreseeable to Defendant Booth Brothers Land and Livestock that some general harm or consequence was a reasonably foreseeable result of its negligent hiring, training, supervising and/or retention of employee Charles Campbell, especially when that negligent hiring, training, supervision and retention involved his operation of large commercial vehicles on public roadways.

35. The standard for determining whether an employer should be held liable for negligent supervision of an employee does not require proof of the actual knowledge of the employee's lack of skills or unfitness to perform such work, but whether the employer knew or should have known that some harm might be caused by the acts or omissions of the employee who is entrusted with such position. *See F & T Co. v. Woods*, 92 N.M. 697, 699, 594 P.2d 745, 747 (1979).

36. Defendant Booth Brothers Land and Livestock also had the duty to service and maintain its vehicles so their operation did not endanger or cause injury to persons or property of others.

37. Upon information and belief, Defendant Booth Brothers Land and Livestock failed to properly service and maintain its vehicles to avoid injury to the persons or property of others, including but not limited to its failure to maintain proper braking systems and calibrations on its commercial vehicles, and failure to properly distribute and secure the cargos of its commercial vehicles.

Received Time Mar. 1. 3:51PM

38. The wrongful acts and or failure(s) to act by Defendant Booth Brothers Land and Livestock and that of its employees and or agents as set forth above, including the aggravating circumstances attending the wrongful acts and or failure(s) to act, was a cause and/or contributing cause of Decedent's serious injuries and damages, including pain and suffering, mental anguish and distress, medical expenses, disfigurement and death, funeral and burial expenses, property damages, loss of earnings and earning capacity, loss of life and enjoyment of life, and loss of household services, for which Plaintiffs seek relief pursuant to the New Mexico Wrongful Death Act and other New Mexico law.

39. Defendant Booth Land and Livestock's wrongful acts as set forth above, including the aggravating circumstances attending the wrongful acts, was a cause and/or contributing cause of Plaintiff Celeste Trujillo's serious injuries and damages, including pain and suffering, mental anguish and distress, past and future medical expenses, disfigurement, and loss of enjoyment of life, for which she seeks relief pursuant to New Mexico law.

40. Defendant Booth Land and Livestock's wrongful acts as set forth above, including the aggravating circumstances attending the wrongful acts, was a cause and/or contributing cause of Plaintiff Logan Trujillo's serious injuries and damages, including pain and suffering, mental anguish and distress, past and future medical expenses, and loss of enjoyment of life, for which she seeks relief pursuant to New Mexico law.

Received Time Mar. 9:51PM

41. Defendant Booth Land and Livestock's conduct and that of its employees and or agents shows an utter indifference to, or conscious disregard for, the safety of others, thereby justifying a direct and a vicarious award of punitive damages against this defendant.

## COUNT III
### SPOLIATION OF EVIDENCE AND CONSPIRACY AGAINST DEFENDANTS CHARLES CAMPBELL, BOOTH BROTHERS LAND AND LIVESTOCK, GARY BOOTH AND OREN MATTHEWS

42. Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs, as if fully restated herein, and further allege that:

43. On or about February 8th and/or February 9, 2011, Defendants Charles Campbell, Gary Booth, and/or other employees and or agents of Defendant Booth Brothers Land and Livestock, along with Defendant Oren Matthews, knew there was a lawsuit or the potential for a lawsuit, and despite this knowledge, jointly agreed and conspired to intentionally dispose of, destroy, mutilate or significantly alter evidence, to wit: the semi-tractor and trailer that was involved in the February 8, 2011 collision, to maliciously defeat or disrupt Plaintiffs' right of recovery.

44. Plaintiffs' recovery in this lawsuit is a prospective economic interest that is entitled to protection, and Defendants' Charles Campbell's, Gary Booth's, Oren Matthews' and or other employees' and or agents' of Booth Brother's Land and Livestock's destruction of the aforementioned potential evidence to disrupt or defeat Plaintiffs' right or potential right of recovery was highly improper,

cannot be justified, and is separately actionable. *Coleman v. Eddy Potash, Inc.*, 120 N.M. 645, 905 P.2d 185 (1995).

45. The semi-tractor and trailer that were involved in the February 8, 2011 collision are relevant to material issues in the case, including proof of the Defendants' negligence set forth herein.

46. Defendants' Charles Campbell's, Gary Booth's, Oren Matthews' and or other employees' and or agents' of Booth Brother's Land and Livestock's destruction, mutilation or alteration of the evidence, including the aggravating circumstances attending the wrongful acts, substantially prejudiced Plaintiffs' ability to prepare and prove their case and recover adequate damages at law, thereby causing Plaintiffs to suffer damages as a result, and these Defendants are jointly and severally liable for these resulting damages.

47. Defendants' Charles Campbell's, Gary Booth's, Oren Matthews' and or other employees' and or agents' of Booth Brother's Land and Livestock's wrongful destruction, mutilation or alteration of evidence, was malicious, willful, and wanton.

48. Defendant Booth Brothers Land and Livestock participated in, consented to, ratified, approved, benefited and or attempted to benefit from the destruction of the aforementioned potential evidence, and is therefore directly and vicariously liable for those actions.

49. Serious and extreme sanctions must be levied against Defendants Charles Campbell, Gary Booth, Oren Matthews and/or other employees and or

agents of Defendant Booth Brothers Land and Livestock in order to deter similar conduct by others in the future.

### COUNT IV
### NEGLIGENCE OF DEFENDANT
### NEW MEXICO DEPARTMENT OF TRANSPORTATION

50. Plaintiff hereby incorporates by reference each and every allegation set forth in the preceding paragraphs, as if fully restated herein, and further alleges that:

51. Plaintiff has complied with all prerequisites of suit under the New Mexico Tort Claims act.

52. Defendant New Mexico Department of Transportation had a duty and failed to maintain the southbound stretch of highway and roadways near exit 345 on Interstate I-25 where the February 8, 2011 collision occurred.

53. Defendant New Mexico Department of Transportation's acts and/or failures to act, as set forth above, were a cause and/or contributing cause of Decedent's serious injuries and damages, including pain and suffering, mental anguish and distress, medical expenses, property damages, disfigurement and death, funeral and burial expenses, loss of earnings and earning capacity, loss of life and enjoyment of life, and loss of household services, for which Plaintiffs seek relief pursuant to the New Mexico Wrongful Death Act and other New Mexico law.

54. Defendant New Mexico Department of Transportation's acts and/or failures to act, as set forth above, were a cause and/or contributing cause of Plaintiff Celeste Trujillo's serious injuries and damages, including pain and

suffering, mental anguish and distress, past and future medical expenses, disfigurement, and loss of enjoyment of life, for which she seeks relief pursuant to New Mexico law.

55. Defendant New Mexico Department of Transportation's acts and/or failures to act, as set forth above, were a cause and/or contributing cause of Plaintiff Logan Trujillo's serious injuries and damages, including pain and suffering, mental anguish and distress, past and future medical expenses, and loss of enjoyment of life, for which she seeks relief pursuant to New Mexico law.

### COUNT V
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (BYSTANDER CLAIMS) OF PLAINTIFFS CELESTE TRUJILLO AND LOGAN TRUJILLO

56. Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs, as if fully restated herein, and further allege that:

57. Plaintiff Celeste Trujillo and Logan Trujillo had a close family relationship with their father and suffered severe emotional distress as a result of seeing or perceiving the physical injury, mutilation and death that occurred to him.

58. This emotional distress continued and was only compounded further when the children were called upon to "discontinue" their father's life support – a moment, a day, a memory that will last forever.

59. Defendants' negligence, including the aggravating circumstances attending the wrongful acts, was a cause and/or contributing cause of Plaintiffs' Celeste Trujillo's and Logan Trujillo's bystander damages, and they

Received Time Mar. 1. 9:51PM

are entitled to a recovery against each of the defendants for those damages in an amount to be determined at trial.

## COUNT VI
## LOSS OF CONSORTIUM CLAIMS OF
## PLAINTIFFS CELESTE TRUJILLO AND LOGAN TRUJILLO

60. Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs, as if fully restated herein, and further allege that:

61. Plaintiffs Celeste Trujillo and Logan Trujillo enjoyed very special familial, loving and or care-giving relationships with their father.

62. Plaintiffs Celeste Trujillo and Logan Trujillo suffered and will continue to suffer from the emotional distress caused by the loss of the companionship, society, guidance, counseling and personal and financial care which was wrongfully taken from them as a result of their father's tragic death.

63. Defendants' negligence, including the aggravating circumstances attending the wrongful acts, was a cause and/or contributing cause of Plaintiffs' Celeste Trujillo's and Logan Trujillo's loss of consortium damages, and these Plaintiffs are entitled to a recovery against each of the Defendants for those damages in an amount to be awarded by the jury herein.

WHEREFORE Plaintiffs request monetary damages against Defendants, and each of them, in amounts to be awarded by the jury to be just and reasonable, for punitive damages, for pre- and post-judgment interest, for court costs and for all other appropriate relief.

Received Time Mar   3:5 PM

Respectfully submitted:

WILL FERGUSON & ASSOCIATES

By: _____
ROBERT M. ORTIZ
Attorney for Plaintiffs
1720 Louisiana Blvd NE, Suite 100
Albuquerque, NM 87110
Phone: (505) 243-5566