IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CELESTINO TRUJILLO, in his capacity as
Wrongful Death Personal Representative of
THE ESTATE OF FABIAN A. TRUJILLO, Deceased,
and EDITH TRUJILLO as Next Friend for and on behalf of
CELESTE TRUJILLO, a Minor, and RAYNEE GERHART as
Next Friend for and on behalf of LOGAN TRUJILLO, a Minor,

        Plaintiffs,

vs.                               Case No. <u>11-cv-00270-LFG/KBM</u>

CHARLES CAMPBELL,
BOOTH BROTHERS LAND AND LIVESTOCK,
GARY BOOTH, OREN MATTHEWS, and NEW MEXICO
DEPARTMENT OF TRANSPORTATION,

        Defendants.

## PLAINTIFFS' MOTION TO REMAND

COME NOW the Plaintiffs, by and through their undersigned counsel of record, and do hereby assert this Court does not have subject matter jurisdiction over this matter, and pursuant to the provisions of 28 U.S.C. § 1447(c), respectfully move for an order remanding this action to the Fourth Judicial District Court for the State of New Mexico, County of San Miguel, Cause No. D 412-CV-2011-98.  This Motion to Remand is timely filed within thirty days after the filing of the Notice of Removal as required by 28 U.S.C. § 1447(c). Pursuant to local rule LR-CV 7.1, Plaintiffs have sought the concurrence of Defendants regarding this motion, and they oppose this motion.

## I.      INTRODUCTION

Remand is required because Defendants' Notice of Removal is procedurally defective due to the lack of unanimity: Defendants New Mexico Department of Transportation and Oren Matthews did not consent to removal. Secondly, remand is required because Defendants have not

and cannot meet their burden of showing Defendants New Mexico Department of Transportation and Oren Matthews were fraudulently joined to destroy diversity jurisdiction. Because Defendants failed to meet their burden of establishing the jurisdictional requirements for removal, this matter must be remanded to state court.

## II.  FACTUAL BACKGROUND

This case was originally filed in the Fourth Judicial District, State of New Mexico, County of San Miguel, on February 25, 2011, by Celestino Trujillo, in his capacity as Wrongful Death Personal Representative of the Estate of Fabian Trujillo, deceased, and Edith Trujillo as Next Friend for and on behalf of Celeste Trujillo, a minor, and Raynee Trujillo, as Next Friend for and on behalf of Logan Trujillo, a minor. [Doc. No. 1-2.]  Plaintiffs allege: Defendant Charles Campbell negligently drove the semi-tractor trailer into Fabian Trujillo, killing him, and severally injuring his two minor daughters Celeste Trujillo and Logan Trujillo (Count I); Defendant Booth Brothers Land and Livestock negligently hired, trained, supervised and retained employee Charles Campbell, and is otherwise vicariously liable for his actions (Count II); Defendants Charles Campbell, Booth Brothers Land and Livestock, Gary Booth and Oren Matthews jointly agreed and conspired to intentionally dispose of, destroy, mutilate, or significantly alter evidence, to wit: within hours following the fatal collision these Defendants planned, conspired, agreed to and repaired the tractor and trailer, including removing the damages it sustained in the collision, and before a thorough inspection could take place (Count III); Defendant New Mexico Department of Transportation failed to maintain the stretch of highway and roadways where the collision occurred (Count IV); for the emotional distress Plaintiffs Celeste Trujillo and Logan Trujillo suffered as a result of seeing or perceiving the physical injury, mutilation and death of their father (Count V); and for the loss of

companionship, society, guidance, counseling and personal and financial care which was wrongfully taken from them as a result of their father's tragic death (Count VI).

Plaintiffs secured service of process of their Complaint on all Defendants on March 1, 2011. *See* **Exhibits 1 thru 6 hereto**. On March 29, 2011, Defendants Charles Campbell, Booth Brothers Land and Livestock, and Gary Booth filed their Notice of Removal of this case to this Court under 28 U.S.C. §1441(b) (Doc. No. 1-2), attempting to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a), by contending Defendants New Mexico Department of Transportation and Oren Matthews were fraudulently joined in this action by Plaintiffs in order to destroy diversity jurisdiction.

The Defendants filing the Notice of Removal were required, but did not provide the Court, or Plaintiffs, with consents to removal on behalf of Defendants New Mexico Department of Transportation and Oren Matthews. The failure of Defendants New Mexico Department of Transportation and Oren Matthews to consent to removal makes the other Defendants' effort to remove this case procedurally and fatally defective. As such, this matter must be remanded to the state district court from which this case was originally removed.

Additionally, 28 U.S.C. § 1441(b) permits an action filed in state court to be removed only *if* the parties meet the requirements of *diversity* jurisdiction. There is no diversity jurisdiction in this matter because diversity requires that none of the defendants be a citizen of the same state as any of the plaintiffs. *See Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). "The presence in this action of a single plaintiff from the same state as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (2005). Here, Defendants New Mexico Department of Transportation and Oren Matthews are New Mexico residents. When

fully analyzed, Defendants' Notice of Removal alleging fraudulent joinder is nothing more than

a veiled and ill-fated attempt to create diversity jurisdiction where none exists.  Accordingly, this

matter must be remanded to the state district court from which this case was originally removed.

### III.    LAW AND ARGUMENT

**A.    <u>Law Regarding Removal</u>**

Federal courts are courts of limited jurisdiction and may only adjudicate cases within

their authority.  *United States ex re. Grynberg v. Praxair, Inc*., 389 F.3d 1038, 1048 (10th Cir.

2004), *cert. denied*, 125 S.Ct. 2964 (2005).  A party invoking federal jurisdiction has the burden

of establishing its priority.  *See State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271

(10th Cir. 1998).  To sustain removal, Defendants bear the burden of establishing the

jurisdictional requirements for removal. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d

1269, 1271 (10th Cir. 1998) (A party invoking federal jurisdiction has the burden of proof);

*Chavez v. Kincaid*, 15 F.Supp.2d 1118, 1119 (D.N.M. 1998)(Campos, J.)(The removing party

bears the burden of proving "all jurisdictional facts and of establishing a right to removal.");

*Alexander v. Electronic Data Systems Corp*., 13 F.3d 940, 948-49 (6th Cir. 1994) ("The burden to

establish federal jurisdiction in this case is clearly upon the defendant as the removing party.").

Regardless of which removal statute is invoked, federal removal jurisdiction is narrowly

and strictly construed. *See Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868

(1941).  In the Tenth Circuit, the presumption is "against removal jurisdiction," *Martin v.

Franklin Capital Corp*., 251 F.3d 1284, 1289 (10th Cir. 2001) (quoting *Laughlin v. Kmart Corp*.,

50 F.3d 871, 873 (10th Cir. 1995)), and any doubts should be resolved in favor of remand.  *Fajen

v. Foundation Reserve Insurance Co*., 683 F.2d 331, 333 (10th Cir. 1982).  Under the applicable

legal analysis, this case should not be removed and remand is appropriate.

**B.**     **Remand is Required Because Defendants' Notice of Removal is Procedurally Defective Due to the Lack of Unanimity, in that Defendants New Mexico Department of Transportation and Oren Matthews Failed to Consent to Removal**.

It is well-settled law an action cannot be removed to federal district court unless all defendants unanimously consent and join in the notice of removal. *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981); *Durham v. Lockheed Martin Corp*., 445 F.3d 1247, 1253 (9th Cir. 2006)("If the defendant can't convince his co-defendants to remove, he's stuck in state court."). This requirement is known as the "rule of unanimity" and was first recognized by the U.S. Supreme Court in 1900.  *See Chicago, R.I. & P.R. Co. v. Martin*, 178 U.S. 245, 246-49 (1900). *See also* 14C C. *Wright & A. Miller, Federal Practice and Procedure* § 3731, at 258 (1998) ("[T]his judicial insistence on the participation of all of the defendants in the notice of removal ... has been required by courts at all levels of the federal judiciary.").  The rule of unanimity applies to federal question as well as diversity removal cases.  *Spillers v. Tillman*, 959 F.Supp. 364, 368-69 (S.D.Miss. 1997).  The rule requires that removal must fail unless all defendants join in the removal.  *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 393, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998)(Kennedy, J., concurring); *Roe v. Donohue*, 38 F.3d 298, 301 (7th Cir. 1994)("A petition [notice] for removal fails unless all defendants join it.").  Defendant have failed to meet the explicit requirement of unanimity in this case.

Furthermore, each named Defendant must confirm to the Court in writing that he, she or it consents to the removal petition. *Vasquez v. Americano U.S.A., LLC*, 536 F.Supp.2d 1253, 1257 (D.N.M. 2008) (Johnson, J.) ("In other words, must all defendants formally consent in writing to removal from state court in order for removal to be proper? The Court concludes that formal consent to removal by all defendants is required."). "To 'join' a motion [or notice of removal] is to support it in writing . . ." *Roe v. Donohue*, 38 F.3d 298, 301 (7th Cir. 1994).  This

does not mean that all defendants must sign the same notice of removal. *Getty Oil Corp, a Div. of Texaco, Inc. v. Insurance Co. of North American*, 841 F.2d 1254, 1262 (5th Cir. 1988). However, there must be on file an independent and unambiguous notice of each defendant's consent and his intent to join in the removal within the thirty-day period. Defendants have not met their burden regarding this jurisdictional requirement, and that failure is fatal to their attempt to remove.

More than thirty (30) days has elapsed since the Defendants were served, and therefore their ability to all consent and join in the removal has concluded, thereby rendering Defendants' Notice of Removal procedurally and fatally defective. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). A defect in the removal notice or any "[f]ailure to comply with the requirements of Section 1446(b) constitutes a 'defect in removal procedure.' " *Page v. City of Southfield*, 45 F.3d 128, 131 (6th Cir. 1995)(citing *In Re Continental Casualty Co.*, 29 F.3d 292, 294 (7th Cir. 1994); 28 U.S.C. § 1447(c)). "A 'defect in the removal procedure' is one of the two grounds for remand specified in 28 U.S.C. § 1447(c)." *McShares, Inc. v. Barry*, 979 F.Supp. 1338, 1341 (D.Kan. 1997). Consequently, this action must be remanded to the state court from which the case was originally removed.

**C.     Remand is Required Because Defendants Do Not Meet the Rigorous Test to Support Their Unfounded Allegation of Fraudulent Joinder.**

The burden is on the Defendants to show fraudulent joinder. *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004). Fraudulent joinder must be pleaded with particularity and proven with certainty. *McLeod v. Cities Service Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956). A removing defendant is charged with demonstrating that there is "**no possibility** that [plaintiff] would be able to establish a cause of action against [the non-diverse

defendant] in state court." *See Montano v. Allstate Indemnity*, 211 F.3d 1278 (10th Cir. 2000)[1]

(emphasis added). Courts in this district have relied upon this formidable hurdle when remanding

cases. *See Couch*, 71 F. Supp. 2d at 1147 (holding that "**even a possibility**" of a viable claim

against the non-diverse defendant mandates remand).

In the instant action, Defendants cannot meet their burden under *Montano*. In *Montano*,

the Court explored the elements of "fraudulent joinder" by evaluating similar cases from various

Districts and Circuits around the country, as follows:

> The case law places a heavy burden on the party asserting fraudulent joinder. A
> representative example states: To prove their allegation of fraudulent joinder [the
> removing parties] must demonstrate that there is no possibility that [plaintiff]
> would be able to establish a cause of action against [the joined party] in state
> court. In evaluating fraudulent joinder claims, we must initially resolve all
> disputed questions of fact and all ambiguities in the controlling law in favor of the
> non-removing party. We are then to determine whether that party has any
> possibility of recovery against the party whose joinder is questioned. ***Hart v
> Bayer Corp.***, 199 F.3d 239, 246 (5th Cir. 2000) [internal quotation and citations
> omitted]; *cf.* ***Smoot v. Chicago, Rock Island & Pac. R.R. Co***., 378 F.2d 879, 882
> (10th Cir. 1967) (finding fraudulent joinder where non-liability of joined party was
> "established with complete certainty upon undisputed evidence.").
>
> This standard is more exacting than that for dismissing a claim under Fed.R.Civ.P.
> 12(b)(6); indeed, the latter entails the kind of merits determination that, absent
> fraudulent joinder, should be left to the state court where the action was
> commenced. *See* ***Batoff v. State Farm Ins. Co.***, 977 F.2d 848, 851-53 (3rd Cir.
> 1992) ("A claim which can be dismissed only after an intricate analysis of state
> law is not so wholly insubstantial and frivolous that it may be disregarded for
> purposes of diversity jurisdiction."). Finally, as the reference to "a *cause* of
> action" in the quoted passage reflects, remand is required if any one of the claims
> against the non-diverse defendant ... is possibly viable. *See* ***Green v. Amerada
> Hess Corp***., 707 F.2d 201, 207 (5th Cir.1983) ("Even if [plaintiff] were
> [precluded] from pursuing all his claims save one in state court, a remand would
> be necessary.").

---

[1] ***Montano v. Allstate Indemnity***, 211 F.3d 1278 (10th Cir. 2000), while itself an unpublished opinion, has been cited
in twenty-one (21) cases within the courts reporting to the Tenth Circuit Court of Appeals, including two cases from
the District of New Mexico: ***Rivera v. Smith's Food and Drug Centers***, 2006 WL 4891275 (D.N.M. 2006) and
***Wyckoff v. Boston Scientific Corporation***, 2005 WL 4001448 (D.N.M. 2005).

Defendants have offered no evidence, save their self-serving allegation of fraudulent joinder, that Plaintiffs could not possibly recover on any of their claims against Defendants New Mexico Department of Transportation and/or Oren Matthews in state court. To the contrary, the plain reading of Plaintiffs' Complaint indicates Plaintiffs have viable claims against these defendants.

Second, Defendants fail to point to any specific facts which shows Defendants New Mexico Department of Transportation and/or Oren Matthews were joined specifically to defeat federal jurisdiction.  In order to prove fraudulent joinder, Defendants must show either outright fraud in Plaintiffs' pleading of jurisdictional facts, or show that Plaintiffs failed to state a claim against these Defendants, or show that Plaintiffs do not intend to secure a judgment against these Defendants. **1A MOORE'S FEDERAL PRACTICE** ¶ 0.16[2], ftnt.14-15.  None of these elements are present here.  Moreover, Defendants fail to meet the strict requirements to prove a fraud claim, including the required showing of bad faith and pleading sufficient facts necessary to show that joinder was a fraudulent device to prevent removal.  *Id*. ftnt. 13, *citing **Updike v. West***, 172 F.2d 663, 665 (10th Cir. 1949).  Defendants' failure to meet these requirements is fatal to their attempt to remove this action, and remand is appropriate.

Defendants not only failed to plead sufficient facts as they relate to Plaintiffs' claims, they fail to otherwise show how those claims "could not possibly prevail" in state court for lack of supporting evidence. Frankly, Defendants cannot assert they and Oren Matthews did not intentionally alter, change and make repairs to the semi truck the very next morning following the fatal collision, because to do so would be fraud upon this court. Moreover, Defendant Charles Campbell cannot assert the condition of the roadway was not a factor, because to do so would eviscerate any possible defense he might otherwise have, thereby rendering his February 8, 2011

- 8 -

conduct and killing of Fabian Trujillo "negligence as a matter of law". Defendants having failed

to meet their required burden, this matter must be remanded to the state district court from which

this case was originally removed.

**D.      There is No Diversity Jurisdiction In This Matter Because Defendants New Mexico Department of Transportation and Oren Matthews are New Mexico Residents**.

Defendants New Mexico Department of Transportation and Oren Matthews are New

Mexico residents. As such, there is no diversity jurisdiction in this matter because diversity

requires that none of the defendants be a citizen of the same state as any of the plaintiffs. *See*

*Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). Accordingly, 28 U.S.C. §

1447(c) requires that if at any time it appears the district court lacks subject matter jurisdiction,

the case shall be remanded.

## IV.      COSTS AND FEES

28 U.S.C. § 1447(c) provides that [a]n order remanding the case may require payment of

just costs and actual expenses, including attorneys fees, incurred as a result of the removal."  A

decision to award attorneys fees and costs under § 1447(c) is discretionary.  *Suder v. Blue Circle,*

*Inc.*, 116 F. 3rd 1351, 1352 (10th Cir. 1997).  The key factor in determining whether attorneys'

fees and costs should be awarded is the propriety of the removal.  *Id*.  The issue of whether

Defendants have demonstrated compliance with the unanimity rule is straightforward, as is

Plaintiffs' entitlement to remand. For this reason, Plaintiffs request that the Court award them

their costs, including reasonable attorneys fees, incurred in connection with the removal and

remand of this action.

## V.      CONCLUSION

Defendants' removal is not valid for two separate and distinct reasons. First, Defendants

failed to comply with the rule of unanimity.  Secondly, Defendants cannot and did not meet their

burden of showing Defendants New Mexico Department of Transportation and Oren Matthews

were fraudulently joined in this lawsuit. As such, this Court does not have subject matter

jurisdiction over this case.

      For all of the foregoing reasons, and particularly in light of the presumption against

removal jurisdiction, the narrow and strict construal of federal removal jurisdiction, and the

burden upon Defendants to establish all elements of removal jurisdiction, Plaintiffs respectfully

request this Court enter its order granting Plaintiffs' Motion to Remand and directing this action

be returned to the Fourth Judicial District Court of the State of New Mexico, County of San

Miguel, from which the action was originally removed.  Plaintiffs further request an award of

attorneys fees and expenses incurred in the removal and remand pursuant to 28 U.S.C. § 1447(c),

and for all other relief that law and justice require.

      Respectfully submitted,

      WILL FERGUSON & ASSOCIATES

          */s/ Robert M. Ortiz*
      ROBERT M. ORTIZ
      1720 Louisiana Blvd. NE, Suite 100
      Albuquerque, NM 87110
      (505) 243-5566
      *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of April, 2011, I filed the foregoing pleading
electronically through the CM/ECF system, which caused the following counsel to be served by
electronic means, as fully reflected on the Notice of Electronic Filing:

Lance Dean Richards; richardsl@civerolo.com, hendersonm@civerolo.com,
kuehlk@civerolo.com,

WILL FERGUSON & ASSOCIATES

     */s/ Robert M. Ortiz*
ROBERT M. ORTIZ