IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CELESTINO TRUJILLO et al.,

    Plaintiffs,

v.                                                     No. 11-cv-270 WPJ/KBM

CHARLES CAMPBELL et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND

THIS MATTER comes before the Court on Plaintiffs' Motion to Remand by Raynee Gerhart, Celestino Trujillo, and Edith Trujillo (Doc. 7 filed 4/1/11). Defendants Gary Booth, Booth Brothers Land and Livestock, and Charles Campbell oppose this motion. For the reasons explained below, the Court finds that the motion is well taken and shall be granted.

### BACKGROUND

This is a complaint for wrongful death, negligence, and destruction of evidence. The complaint alleges that Defendant Charles Campbell drove a semi-tractor trailer into the rear of a vehicle driven by Fabian Trujillo, killing him, and severely injuring his two minor daughters, Celeste Trujillo and Logan Trujillo. The complaint was originally filed in state court on February 25, 2011. Defendants filed the notice of removal on March 29, 2011. Plaintiffs move to remand to state court, arguing that because there was no fraudulent joinder, the Court lacks subject-matter jurisdiction based on diversity of citizenship, and the notice of remand was procedurally deficient due to lack of consent of all defendants. Because the Court finds no fraudulent joinder, the motion will be granted and this case remanded to state court.

**LEGAL STANDARD**

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The removing party has the burden to show that removal was properly accomplished." *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997).

A notice of removal must be filed within "thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). A defect in the removal procedure is one of two grounds for remand specified in 28 U.S.C. § 1447(c). A defect in the removal notice, an untimely removal notice, or any failure to comply with the requirements of § 1446(b) constitutes a defect in removal procedure. *McShares*, 979 F. Supp. at 1341. Where there are multiple defendants, all defendants served at the time of filing must join in the notice of removal. *Id.* at 1342 (citing *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3rd Cir. 1985); and *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)). Although this mandate is not an express statutory requirement, it is well established that a notice of removal fails if this procedural requirement is not met. Generally, courts refer to this as the unanimity rule.

The doctrine of "fraudulent joinder," however, allows a defendant to remove a case to federal court if the defendant can prove that "the joinder, although fair upon its face . . . [is] only

a sham or fraudulent device to prevent a removal." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The removing party must show that a plaintiff cannot establish a cause of action against the non-diverse defendant in state court. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000); *Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592, at *1-2 (10th Cir. 2000) (unpublished table decision).

## DISCUSSION

Plaintiffs are citizens of New Mexico. Compl. ¶¶ 1-6 (Doc. 1-2). Defendants New Mexico Department of Transportation and Oren Matthews are also citizens of New Mexico. *Id.* ¶¶ 10-11. These two defendants have not entered appearances in this case and so have not filed their consent to removal. Thus, unless these defendants were fraudulently joined in the complaint, the notice of removal is procedurally defective and diversity of citizenship does not exist.

The complaint alleges that Defendant Oren Matthews conspired with other defendants to intentionally dispose of, destroy, mutilate, or significantly alter evidence (Count III); and that Defendant New Mexico Department of Transportation was negligent in maintaining the stretch of highway and roadways where the collision occurred (Count IV). Defendants base their motion on the argument that since the bare allegations against these two defendants in the complaint do not meet the *Twombly* and *Iqbal* pleading standard, the counts against them could be dismissed for failure to state a claim; thus, the two defendants were fraudulently joined.

In federal court, to survive a motion to dismiss, a complaint must contain sufficient factual allegations which, if true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly

3

(not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). Conclusory allegations of liability, without supporting factual content, are insufficient. A complaint that "tenders 'naked assertions' devoid of 'further factual enhancement'" does not meet the Rule 8 standard. *Id.* (quoting *Twombly*, 550 U.S. at 557); *see* Fed. R. Civ. P. 8(a)(2).

The Court need not decide, however, whether the complaint meets the *Iqbal/Twombly* standard. This standard is misplaced in the context of a motion to remand to state court. The fraudulent joinder standard is "more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano*, 2000 WL 525592, at *5; *accord Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992). More importantly, pleading standards under New Mexico state law are not so strict. Dismissal for failure to state a claim under state law "is only proper when it appears that plaintiff can neither recover nor obtain relief under any state of facts provable under the claim." *N.M. Pub. Schs. Ins. Auth. v. Arthur J. Gallagher & Co.*, 198 P.3d 342, 346 (N.M. 2008) (internal quotation marks omitted). There is no indication that New Mexico courts mean to adopt the heightened pleading standard that federal courts have.[1] Therefore, Defendants have not shown that Plaintiffs *cannot* establish a cause of action against the non-diverse defendants in state court.

Defendants do not point to any New Mexico cases that show that it is "impossible" for

---

[1] The only citation to *Twombly* by a New Mexico state court in a reported decision appears during a discussion of substantive federal antitrust law. *Romero v. Philip Morris Inc.*, 242 P.3d 280, 290 (N.M. 2010).

4

Plaintiffs to recover against Defendants New Mexico Department of Transportation and Oren Matthews for the causes of action asserted in Counts III and IV. Defendants make no arguments under state law whatsoever. On the other hand, Plaintiffs make a cognizable showing that they can establish a cause of action against the two non-diverse defendants in state court. The complaint asserts that the New Mexico Department of Transportation was negligent in maintaining the roadway and that the collision was due in part to the icy conditions of the roadway. *See* Ex. A, Torres Aff. ¶ 5 (Doc. 13-1) (statement of semi-truck driver that snow kicked up by tires from the road limited his visibility and that the ice caused him to refrain from using the brakes); Ex. B (Doc. 13-2) (photograph of collision site showing road conditions of piles of ice and snow). The Tort Claims Act specifically waives immunity for the type of claim asserted here: "immunity . . . does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties during the . . . maintenance of any bridge, culvert, highway, roadway, street, alley, sidewalk or parking area." N.M. Stat. Ann. § 41-4-11. As for Oren Matthews, plaintiffs have pled that he intentionally repaired the semi-truck at issue despite knowing it should have been inspected by the Department of Transportation for evidence in a potential lawsuit. This allegations establishes at least a "possibility" of recovery against Matthews.

     The determination of whether Plaintiffs may recover against these two defendants should be left to New Mexico state courts, and not made in federal court. There is no basis to find that they were fraudulently joined. Therefore, complete diversity of citizenship does not exist, two defendants failed to consent to removal, and federal jurisdiction cannot be sustained.

**THEREFORE, IT IS ORDERED THAT** Plaintiffs' Motion to Remand (Doc. 7) is

GRANTED. The request for costs and fees associated with this motion is DENIED.

_____
UNITED STATES DISTRICT JUDGE